UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. SCOTT,<br><br>                            Plaintiff,<br><br>v.<br><br>VICKIE EMANUEL AND SHERYL TURCOTTE,<br><br>                          Defendants. | Case No.:  22-CV-1955-GPC-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT MATTER JURISDICTION; AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>[Dkt. Nos. 2, 3] |

On December 9, 2022, Plaintiff John A. Scott, proceeding pro se, filed a complaint against Defendants Vickie Emanuel and Sheryl Turcotte.  (Dkt. No. 1, Compl.)  Plaintiff concurrently filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) ("IFP") and a motion to appoint counsel.  (Dkt. Nos. 2-3.)  For the reasons set forth below, the Court DENIES Plaintiff's motion to proceed IFP, sua sponte DISMISSES the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, and DENIES Plaintiff's motion to appoint counsel as moot.

**A.   Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).  "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life."  *Soldani v. Comm'r of Soc. Sec.*, Case No.: 1:19-cv-00040 –JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).  Courts may consider the federal poverty guidelines set by the United States Department of Health and Human Services as well as income in the context of overall expenses and other factors, including savings and debts, in ruling on IFP applications.  *McKinley v. Cnty. of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021).

Here, Plaintiff submitted a form application and declaration stating that his gross wages are $9,367 per month.  (Dkt. No. 2.)  Plaintiff has $11.75 in cash and $23.24 in his bank accounts.  (*Id.* at 2.)  Plaintiff owns a home valued at $523,847, and a vehicle valued at $9,000.  (Id. at 3.)  He supports his estranged spouse with alimony.  (*Id.*)  He has monthly living expenses of $10,801.  (*Id.* at 4.)  While Plaintiff's expenses are higher than his monthly income by $1,434, the Health and Human Services federal poverty guideline for 2022 for 1 person/household is $13,590.  See https://aspe.hhs.gov (last visited Jan. 20, 2023).  Plaintiff declares he makes about $9,167 - $9,367 per month which equals to about $110,004 - $112,404/year, well above the federal poverty

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

guideline. Therefore, taking into consideration the federal poverty guidelines, his gross monthly income and his expenses, the Court concludes that Plaintiff is able to pay the filing fee due to his existing monthly income and the ability to adjust his expenses to pay the filing fee. Accordingly, the Court DENIES Plaintiff's motion for leave to proceed IFP.

**B.    Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure (hereinafter "Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

1  Here, Plaintiff filed a civil complaint alleging a conspiracy claim under 18 U.S.C.
2  § 241, a criminal statute. This criminal statute does not support a private cause of action.
3  *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming
4  dismissal of claims brought under 18 U.S.C. §§ 241 and 242 "because these are criminal
5  statutes that do not give rise to civil liability.") (citing *Aldabe v. Aldabe*, 616 F.2d 1089,
6  1092 (9th Cir. 1980)). As such, the Court, *sua sponte*, DISMISSES the complaint for
7  failing to state a claim.

Moreover, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.,* 828 F.2d 546, 552 (9th Cir. 1987).

Here, because the Court has dismissed his claim arising under 18 U.S.C. § 241 for failing to state a claim, Plaintiff does not assert a basis for the Court's subject matter jurisdiction; no federal question is alleged and no diversity of citizenship has been

alleged or appears to exist.  Accordingly, the Court also DISMISSES the complaint for lack of subject matter jurisdiction.

**C.     Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, because the Court SUA SPONTE dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of federal subject matter jurisdiction, the Court DENIES Plaintiff's request for appointment counsel as moot.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim and for lack of subject matter jurisdiction, and DENIES Plaintiff's motion for appointment of counsel as moot.  In the event Plaintiff seeks to file an amended complaint, he must do so no later than **March 1, 2023**.  Plaintiff must also pay the filing fee when he filed an amended complaint.  If Plaintiff does not file an amended complaint, the Court will dismiss the complaint with prejudice.

**IT IS SO ORDERED.**

Dated:  January 24, 2023

Hon. Gonzalo P. Curiel
United States District Judge