UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. SCOTT, Plaintiff, v. VICKIE EMANUEL and SHERYL TURCOTTE, Defendants. | Case No.: 3:22-cv-1955-JES-BJW **ORDER DENYING MOTION TO REOPEN** **[ECF No. 8]** |

Before the Court is Plaintiff John A. Scott's ("Plaintiff") Motion to Reopen Case. ECF No. 8 ("Motion"). For the reasons described below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed a complaint on December 9, 2022, where he alleged Defendants Vickie Emanuel and Sheryl Turcotte (collectively "Defendants") conspired to deprive him of the right to live in his legal residence in violation of 18 U.S.C. § 241. *See* ECF No. 1. He concurrently filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. *See* ECF Nos. 2, 3. On January 23, 2023, Plaintiff filed an *ex parte* motion to dismiss without prejudice, claiming that "all matters [had] been resolved without need of adjudication." *See* ECF No. 5. On January 24, 2023, this Court denied Plaintiff's IFP motion, dismissed his complaint *sua sponte*, and declared his motion to appoint counsel as

moot. *See* ECF No. 4. This Court explained that 18 U.S.C. § 241 was a criminal statute with no private right of action, and thus Plaintiff failed to state a claim upon which relief could be granted. *Id.* at 4. Further, this Court lacked subject matter jurisdiction under 28 U.S.C. § 1331, because no federal law created a cause of action, and under 28 U.S.C. § 1332, because Plaintiff failed to allege diversity jurisdiction. *Id.* Finally, this Court granted Plaintiff leave to amend the complaint and pay the filing fee until March 1, 2023, after which the complaint would be dismissed with prejudice. *Id.* at 5. On January 26, 2023, this Court granted Plaintiff's *ex parte* motion to dismiss the complaint without prejudice. *See* ECF No. 6.

Plaintiff filed the instant Motion on September 3, 2026, claiming that previously unknown and unidentified coconspirators had since been identified as Jefferson Stacer and Sharon Scott. Motion at 2. He further alleged that these newly identified coconspirators had filed two false abuse allegations, the first around the time the instant action was filed in 2022 and the second at an undetermined later date. *Id.*

## II. LEGAL STANDARD

Motions to reopen filed by *pro se* litigants are liberally construed as motions for relief from judgment under Fed. R. Civ. P. 60(b). *Wade v. Gilliland*, No. 21-17007, 2023 WL 4044421 at *1 (9th Cir. June 16, 2023). Rule 60(b) permits relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). All Rule 60(b) motions must be made within a reasonable time, and for the first three grounds, within one year of the entry of the judgment or order. *Id.* 60(c).

## III. DISCUSSION

Plaintiff is not entitled to relief under Rule 60(b) because the Motion is untimely and otherwise unjustified. Plaintiff filed this Motion in September of 2026, more than three-and-a-half years after the order dismissing his complaint. *See* Motion at 2. This automatically precludes relief under Rule 60(b)(1), (2), and (3). *See* Fed. R. Civ. P. 60(b)(1)–(3). As to the remaining three grounds, Plaintiff's Motion does not indicate that any are applicable. This Court's order is not void, nor has it been reversed or vacated. There is still no private right of action under 18 U.S.C. § 241. Nor does the discovery of additional defendants justify relief, as such evidence does not cure the complaint's fatal defects. *See Recinos v. Concerto Healthcare*, No. 3:23-cv-05155-RJB, 2023 WL 11824033 at *1 (W.D. Wash. June 15, 2023), *see also*, No. 3:23-cv-05155-RJB, 2023 WL 11824035 (W.D. Wash. Aug. 17, 2023) (denying a motion to reopen because there was "no operative [c]omplaint.").

The Court finds that Plaintiff has failed to show that he meets any of the requirements of Rule 60(b) and therefore is not entitled to the extraordinary relief of that provision. *See Odish v. Cognitive Code*, No. CV 12-9069 FMO (JCGx), 2015 WL 13917147, at *2 (C.D. Cal. July 20, 2015) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotations marks and citation omitted)).

//

//

//

//

//

//

//

//

## IV. CONCLUSION

Accordingly, Plaintiff's Motion is **DENIED**. If Plaintiff wishes to further pursue his action, he may refile his complaint under a new case number with payment of the filing fee or a fully completed IFP Request.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Honorable James E. Simmons Jr.
United States District Judge